IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| ASHLEY HILL, etc., | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION 16-0102-WS-B |
| | ) |
| TAI NHU TRAN, et al., | ) |
| | ) |
|     Defendants. | ) |

**ORDER**

This matter is before the Court on the plaintiff's motion for reconsideration. (Doc. 129). Because the plaintiff seeks "a hearing before a U.S. District Judge," (*id*. at 1, 4), the Court construes the filing as an objection to a Magistrate Judge's non-dispositive ruling for purposes of Rule 72(a). The defendants filed no response,[1] and the issue is ripe for resolution.

In a single order, the Magistrate Judge granted in part the defendants' motion to extend the deadline for completing expert depositions and their motion to extend the deadline for disclosing rebuttal experts. (Doc. 126). The Magistrate Judge extended these deadlines, but not by the full length of time requested by the defendants. The plaintiff opposed both motions. (Docs. 114, 123, 128).

"A judge of the court may reconsider any pretrial matter [on a non-dispositive issue] where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A); *accord* Fed. R. Civ. P. 72(a) ("The district judge in the case must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law.").

---

[1] Any response was due on or before November 10, 2016. General L.R. 72(c)(2).

As the Court has repeatedly noted, [t]he 'clearly erroneous or contrary to law' standard of review is extremely deferential. ... Relief is appropriate under the 'clearly erroneous' prong of the test only if the district court finds that the Magistrate Judge abused [her] discretion or, if after reviewing the record as a whole, the Court is left with a definite and firm conviction that a mistake has been made. ... With respect to the 'contrary to law' variant of the test, an order is contrary to law when it fails to apply or misapplies relevant statutes, case law or rules of procedure." *Cordova v. R&A Oysters, Inc.*, 2016 WL 3102224 at *1 (S.D. Ala. 2016) (internal quotes omitted). The Court has also noted that, "[i]n reviewing a magistrate judge's nondispositive ruling, this Court does not consider matters not placed before that judge." *White v. Thyssenkrupp Steel USA, LLC* (S.D. Ala. 2010) (internal quotes omitted). The plaintiff ignores these principles, but she is nevertheless subject to them.

**I. Expert Depositions.**

The amended Rule 16(b) scheduling order required the plaintiffs to make expert disclosures by September 12, 2016. (Doc. 88 at 1). The plaintiffs disclosed five expert witnesses, along with expert reports, on that date. (Doc. 102). The original scheduling order required the parties to depose experts within 30 days after the experts' reports were disclosed. (Doc. 35 at 5). Thus, the defendants were required to depose the plaintiffs' experts by October 12, 2016. On October 12, 2016, the defendants filed a motion to extend this deadline by 45 days. (Doc. 112). The Magistrate Judge granted the motion in part, extending the deadline by 30 days. (Doc. 126 at 2).

The plaintiff complains that the defendants failed to demonstrate good cause for the extension, as required by Rule 16(b)(4). In particular, she objects that the defendants did not "show that the applicable deadline could not be met despite the diligence of" the defendants. (Doc. 129 at 2). As evidence, the plaintiff points out that the defendants issued no expert deposition notices until

October 11, 2016, one day before the deadline for completing expert depositions expired. (*Id*. at 3). The plaintiff continues that the failure of the Magistrate Judge in her order to expressly address or find good cause "establishes" its absence. (*Id*. at 2).

Because the plaintiff in her briefing before the Magistrate Judge timely questioned the existence of good cause, (Doc. 114 at 2), the Court considers the argument.[2] The plaintiffs on September 12 identified five expert witnesses. Of the five, only one lives in the Southern District of Alabama. (Doc. 102 at 5). The other four live in Macon, Georgia; Granite Bay, California; Bolinas, California; and Spokane, Washington. (*Id*. at 1-4). Thus, as the defendants pointed out to the Magistrate Judge, (Doc. 112 at 2), taking these depositions will require extensive travel,[3] which is not quickly or easily arranged with so many witnesses and lawyers needing to coordinate schedules across a continent. Moreover, as the defendant also pointed out to the Magistrate Judge, during the one-month window from September 12 to October 12, defense counsel was engaged in preparations for a mid-October trial in another case, including mediation and numerous depositions. (Doc. 122 at 2).[4] The plaintiff is surely correct that the defendants should have begun trying to schedule the depositions weeks earlier than they did, but the issue is whether the depositions could have been conducted by October 12 even had they done so. Given the difficulty of scheduling multiple depositions

---

[2] The local rules provide for principal briefs and a reply brief by the movant; they do not provide for sur-reply briefs. Civil L.R. 7(b)-(d). Nevertheless, and without seeking or receiving permission from the Magistrate Judge to do so, (Doc. 126 at 1 n.1), the plaintiff filed a sur-reply brief. (Doc. 123). Because this brief was improperly filed, the Court will not consider its contents.

[3] Even the California deponents live hours apart: Bolinas is in Marin County north of San Francisco, while Granite Bay is northeast of Sacramento.

[4] Plaintiff's counsel can no doubt sympathize with such a hectic schedule, as he had himself ruled out the entire month of August 2016 (except the 22nd) for depositions in this case due to trial and depositions in other cases, along with excursions to Scotland and Hawai'i. (Doc. 122 at 4).

scattered across the country, and given defense counsel's other work obligations during the relevant period, the answer plainly is no. Because good cause existed for the extension, the Magistrate Judge's failure to address or expressly find good cause is irrelevant.

**II. Rebuttal Expert Disclosures.**

The original scheduling order required the plaintiff to disclose rebuttal experts by October 17, 2016 and for the defendants to do so by September 30, 2016. (Doc. 35 at 5). The amended scheduling order required that rebuttal experts be disclosed by October 25, 2016. (Doc. 88 at 1). On October 25, 2016, the defendants filed a motion to extend this deadline to November 29, 2016. (Doc. 124 at 2). The Magistrate Judge granted the motion in part, extending the deadline to November 8, 2016. (Doc. 126 at 2).

The plaintiff again complains that there is no good cause for granting the motion. (Doc. 129 at 2). She also insists that the Magistrate Judge violated Rule 26 and "every case in existence"[5] by not requiring the defendants to conclude their identification of expert witnesses (including rebuttal experts) before the plaintiffs' deadline for identifying rebuttal experts. (*Id*. at 4). Finally, the plaintiff protests that the Magistrate Judge ruled on this motion before hearing from her. (*Id*. at 3).

The day after the Magistrate Judge ruled on the defendants' motion, the plaintiff filed a brief in opposition. (Doc. 128). That brief, seven pages in length, makes no mention of good cause or the defendants' failure to demonstrate its existence. Because the plaintiff presented the Magistrate Judge no argument regarding good cause, she failed to preserve any such argument for review by the Court.

Most of the plaintiff's brief to the Magistrate Judge is dedicated to showing the impermissibility of allowing a defendant to disclose rebuttal experts simultaneously with the plaintiff. As the Magistrate Judge pointed out, however,

---

[5] Ironically, the plaintiff cites not a single case.

(Doc. 130 at 1 n.2), the plaintiff herself introduced simultaneity when she presented a consent motion to extend expert discovery deadlines, in which she asked the Magistrate Judge to extend the "Deadline for Rebuttal Experts" to October 25, 2016. (Doc. 86 at 1). The order granting this motion made precisely that change, (Doc. 88), which is therefore totally the product of the plaintiff's own request. Any error, if error there be,[6] is thus invited error and immune from attack by the party that invited it. *E.g., United States v. Silvestri*, 409 F.3d 1311, 1327 (11th Cir. 2005). Moreover, the order providing for simultaneous disclosure of rebuttal experts was entered on August 24, 2016; fourteen days later, the time for objecting to simultaneous disclosure expired, Fed. R. Civ. P. 72(a), and it is far too late to seek review of the order now.

As noted, the plaintiff filed a brief in opposition to the defendants' motion shortly after the Magistrate Judge ruled on the motion. The Magistrate Judge then entered an order acknowledging her consideration of this brief and amending her previous order only to add the words, "by all parties" to the November 8 deadline for disclosing rebuttal experts. (Doc. 130). The Court thus cannot agree with the plaintiff that she has been "unduly prejudiced" by entry of the first order before her responsive brief was received. (Doc. 129 at 4).

**III. Conclusion.**

For the reasons set forth above, the Court rules that the Magistrate Judge's challenged rulings were neither clearly erroneous nor contrary to law. Accordingly, the rulings are **affirmed**. To the uncertain extent the plaintiff's

---

[6] Contrary to the plaintiff's insistence, Rule 26 does not dictate any particular sequence of expert disclosures. The sequencing demanded by the plaintiff controls only "[a]bsent a stipulation or a court order." Fed. R. Civ. P. 26(a)(2)(D). The plaintiff's consent motion functions as a stipulation for simultaneous disclosure of rebuttal experts, and the amended scheduling order enshrines that stipulation as a court order.

5

objection under Rule 72(a) can properly be viewed as a "motion" for reconsideration, the motion is **denied**.

Before closing, the Court must comment on the tone of the plaintiff's submissions to the Magistrate Judge. In addition to numerous personal insults,[7] the plaintiff has repeatedly accused the defendants of chicanery. In twelve pages of briefing, the plaintiff accuses the defendants *ten times* of making "intentional misrepresentations" or "intentional misstatements"; twice she accuses them of "attempt[ing] to mislead" the Court. In other places, the plaintiff accuses the defendants of an "intentionally perverted interpretation," "intentionally flawed logic," and a "poor attempt to swindle this Court." Finally, in an apparent effort to cover all possible bases, the plaintiff states that the defendants "intentionally and with impunity misstate, misrepresent, mischaracterize and misunderstand" and that they "intentionally misrepresented, misquoted, misapplied, misstated, perverted, twisted, manipulated, and slandered." (Doc. 123 at 2, 3, 4; Doc. 128 at 1, 2, 3, 4, 5, 6, 7).

Never mind that the plaintiff's fusillade is completely off base, dependent as it is on her own erroneous view of the facts and the law. Attacks such as those flung so freely by the plaintiff are not permitted in this forum, and any future filing – other than a properly supported Rule 11 motion – employing such histrionics will be summarily stricken without leave to refile.

DONE and ORDERED this 17th day of November, 2016.

> s/ WILLIAM H. STEELE
> CHIEF UNITED STATES DISTRICT JUDGE

---

[7] Such as "preposterous, even laughable," "illogical and incomprehensible," "no grasp of the importance," and "no grasp or respect." (Doc. 123 at 2, 5; Doc. 128 at 4, 6).